IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-36-D

| | |
|---|---|
| CHRISTOPHER S. HARRISON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EBENCONCEPTS, INC., and ) | |
| ORCHESTRATE HR, INC., ) | |
| ) | |
| Appellees. ) | |

Christopher S. Harrison ("Harrison" or "appellant") appeals the post-trial orders and judgment of the United States Bankruptcy Court for the Eastern District of North Carolina ("bankruptcy court") holding that Harrison owed a non-dischargeable debt to both EbenConcepts, Inc. ("EbenConcepts") and Orchestrate HR, Inc. ("Orchestrate") (collectively, "appellees"). See [D.E. 1]; [D.E. 1].[1] As explained below, the bankruptcy court properly calculated Harrison's debt and properly concluded that Harrison's debt is non-dischargeable under 11 U.S.C. § 523(a)(4); therefore, the court declines to address whether Harrison's debt is non-dischargable under 11 U.S.C. § 523(a)(2). Thus, the court affirms the bankruptcy court's judgment.

I.

This dispute arises from Harrison submitting and falsely recording personal expenses from his personal credit card as business expenses of EbenConcepts and Orchestrate. Harrison did so in order to avoid paying taxes on millions of dollars he was spending for personal use when Harrison served as EbenConcepts's president, secretary, chief executive officer ("CEO"), sole director, and

---

[1] On May 3, 2022, the court consolidated case No. 5:22-CV-36-D and case No. 5:22-CV-37-D. See [D.E. 24]. Before the consolidation, Harrison had separate appeals for EbenConcepts and Orchestrate. Thus, this order includes docket entries in each appeal. For clarity, the docket entries for the case No. 5:22-CV-37-D are cited sparingly and underlined when referenced.

sole shareholder and Orchestrate's majority shareholder and chief financial officer ("CFO") from December 2010 through September 2019. See [D.E. 1] 8–11; [D.E. 1-1] 3–6; [9-1] 52–62; [D.E. 27] 10–16; [D.E. 30] 8–12; [D.E. 1] 8–12, 17; [D.E. 1-1] 3–7, 12; [D.E. 9-1] 6, 9, 42–54. On January 5, 2022, after a bench trial, the bankruptcy court issued a comprehensive post-trial order and final judgment and held that Harrison's $31,114,517.46 debt owed to EbenConcepts and $7,566,905.30 debt owed to Orchestrate were non-dischargeable under 11 U.S.C. § 523(a)(2) and under 11 U.S.C. § 523(a)(4). See [D.E. 1] 7–11; [D.E. 1-1] 2–6; [D.E. 1] 7–12, 18; [D.E. 1-1] 2–7, 13.

On January 21, 2022, Harrison appealed the bankruptcy court's final judgment and post-trial order in each case. See [D.E. 1]; [D.E. 1]. On June 2, 2022, Harrison filed a brief in support of his appeal [D.E. 27]. On August 4, 2022, appellees responded [D.E. 30]. On August 18, 2022, Harrison replied [D.E. 31]. On appeal, Harrison argues that the bankruptcy court erred in calculating the amount of debt he owed to appellees and in concluding that the debts were non-dischargeable under 11 U.S.C. § 523(a)(2) and § 523(a)(4). See [D.E. 27, 30].[2]

II.

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from the "final judgments, orders, and decrees" of bankruptcy courts. In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand

---

[2] On November 30, 2022, the United States charged Harrison in the United States District Court for the Eastern District of North Carolina with willfully filing a false tax return in violation of 26 U.S.C. § 7206(1). See Criminal Information, United States v. Harrison, No. 5:22-CR-309 (E.D.N.C. Nov. 30, 2022), [D.E. 1]. The offense conduct covered Harrison's 2017 tax return filed on or about June 13, 2018, which significantly under represented his total adjusted gross income. See id. at 1. On January 24, 2023, with a written plea agreement, Harrison pleaded guilty to willfully filing a false tax return in violation of 26 U.S.C. § 7206(1). See id. at [D.E. 9]. In his plea agreement, Harrison agreed to make restitution to the United States Internal Revenue Service in the amount of $5,927,704.00 for tax years 2012 through 2018. See id. at 1–2. The court set Harrison's sentencing for April 25, 2023. See id. at [D.E. 8].

2

Partners, 242 F.3d 6, 13 (1st Cir. 2001); see Mort Ranta v. Gorman, 721 F.3d 241, 246 (4th Cir. 2013); McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011); In re Comput. Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005); A.H. Robins v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986). No uniform rule, however, has developed to determine when an order or judgment is final. See Brandt, 242 F.3d at 13. An order that "ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341, 343 (5th Cir. 2006) (per curiam) (unpublished) (alteration omitted); see Mort Ranta, 721 F.3d at 246; McDow, 662 F.3d at 287; In re Comput. Learning Ctrs., Inc., 407 F.3d at 660.

A district court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error. See In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004); In re Plumlee, 236 B.R. 606, 609 (E.D. Va. 1999). "[I]n reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made a part of the record." In re Bartlett, 92 B.R. 142, 143 (E.D.N.C. 1988); see Fed. R. App. P. 10(a); Union Bank v. Blum, 460 F.2d 197, 202 (9th Cir. 1972); Arcari v. Marder, 225 B.R. 253, 256 (D. Mass. 1998).

"Critical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 363–64 (2006) (quotation omitted); see Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752, 1758 (2018); Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934). The "fresh start" affords a debtor the opportunity to "enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." Grogan v. Garner, 498 U.S. 279, 286 (1991) (quotation omitted); see Hunt, 292 U.S. at 244. Accordingly, "Congress intended to grant comprehensive

3

jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) (quotation omitted).

In the bankruptcy court, appellees established a debt of $31,014,517.46 to EbenConcepts and a debt of $7,566,905.30 to Orchestrate. On appeal, Harrison disputes the calculation of those debts. Harrison also disputes the bankruptcy court's non-dischargeability holding.

When the existence and amount of a debt are disputed, the court must determine the existence and amount of that debt before determining the extent to which a debt may be dischargeable. See In re Pfeifer, No. 18-05399-5, 2021 WL 2492847, at *2–3 (Bankr. E.D.N.C. June 17, 2021) (unpublished), aff'd, No. 7:21-CV-118, 2022 WL 3444841 (E.D.N.C. July 13, 2022); In re Mazik, 592 B.R. 604, 609 (Bankr. E.D. Pa. 2018); In re Campbell, 545 B.R. 875, 885–86 (Bankr. M.D.N.C. 2016); In re Janssens, 449 B.R. 42, 66 (Bankr. D. Md. 2010), aff'd sub nom, Janssens v. Freedom Med., Inc., No. CIV. 10-2042, 2011 WL 1642575 (D. Md. Apr. 29, 2011); see also Grogan, 498 U.S. at 283–84.

Harrison does not dispute the existence of the debt that he owes to appellees. See [D.E. 27] 21–22. Harrison disputes the alleged double counting of certain monies as debt to both EbenConcepts and Orchestrate. See id. Specifically, in a one-page argument citing no authority, Harrison states in a conclusory manner that the bankruptcy court clearly erred in calculating the debt. See id.

In the final pre-trial order, Harrison stipulated to the sums. See [9-1] 38–39. Moreover, in the post-trial order, the bankruptcy court listed those sums as findings of fact. See [9-1] 55–56; [9-1] 46–47. Harrison's unsupported, conclusory statements are unpersuasive, and the record supports the bankruptcy court's calculation of Harrison's debt. See [D.E. 9-1]; [D.E. 9-1]. The bankruptcy court did not clearly err in calculating either debt in this action.

4

As for the dischargeability of each debt Harrison owes appellees, appellees had to establish in the bankruptcy court an exception to discharge by a preponderance of the evidence. See Grogan, 498 U.S. at 287–88, 291; Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 249 (4th Cir. 1994). A bankruptcy court limits non-dischargeability provisions "to those plainly expressed" in the statutory text. Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998) (quotation omitted).

Section 523(a)(4) provides no discharge "from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). For an action to constitute "embezzlement" under section 523(a)(4), the creditor must show: "(i) the creditor entrusted money or property to the debtor; (ii) the debtor appropriated the money or property for a use other than that for which it was entrusted; and (iii) the circumstances indicate a fraudulent intent." Pfeifer v. BRRRT Props., LLC, ___ F. Supp. 3d ___, ___, No. 7:21-CV-118, 2022 WL 3444841, at *3 (E.D.N.C. July 13, 2022) (quotation omitted); In re Sorge, 566 B.R. 369, 381 (E.D.N.C. 2017); see In re Piercy, 21 F.4th 909, 919 (6th Cir. 2021); In re Deitz, 760 F.3d 1038, 1039, 1042, 1051–52 (9th Cir. 2014); In re Sherman, 603 F.3d 11, 14 (1st Cir. 2010); In re Bucci, 493 F.3d 635, 644 (6th Cir. 2007); In re Miller, 156 F.3d 598, 602–03 (5th Cir. 1998); In re Brady, 101 F.3d 1165, 1172–73 (6th Cir. 1996); In re Littleton, 942 F.2d 551, 555–56 (9th Cir. 1991); In re Wallace, 840 F.2d 762, 765 (10th Cir. 1988).

After reviewing the record, listening to Harrison's testimony, observing Harrison's demeanor, and evaluating Harrison's credibility, the bankruptcy court found that EbenConcepts and Orchestrate proved by a preponderance of the evidence that Harrison embezzled the disputed funds. See [D.E. 9-1] 60–62. In opposition, Harrison argues that the evidence did not support the bankruptcy court's finding that Harrison had the fraudulent intent necessary for embezzlement under 11 U.S.C. § 523(a)(4). See [D.E. 27] 31–33. Harrison also argues that the money at issue did not belong to EbenConcepts and, thus, could not have been embezzled. See id. Harrison argues that as the president, secretary, CEO, sole director, and sole shareholder of EbenConcepts and the majority

shareholder and CFO of Orchestrate, his failure to report payments to himself on his tax returns may be evidence of an intent to benefit himself personally but not of an intent to harm EbenConcepts or Orchestrate. See id. at 32–33. Harrison also argues that he was entitled to the majority of the profits of EbenConcepts as EbenConcepts's president, secretary, chief executive officer, sole director, and sole shareholder. See id. Finally, Harrison, disputes that his behavior was detrimental to EbenConcepts or Orchestrate. See id.

The bankruptcy court rejected Harrison's arguments, and its findings are not clearly erroneous. The evidence established and Harrison admitted that he was the president, secretary, chief executive officer, sole director, and sole shareholder of EbenConcepts and majority shareholder and CFO of Orchestrate. The evidence also established that Harrison completely controlled EbenConcepts. See, e.g., id. at 11, 16, 32–33. Moreover, Harrison admitted that he appropriated EbenConcepts money to pay millions of dollars of his personal non-corporate expenses and to deposit money in his personal bank account. See, e.g., id. at 32.

As for fraudulent intent, the bankruptcy court did not clearly err in finding that Harrison fraudulently took money from Orchestrate and fraudulently recorded the payments and deposits in EbenConcepts's books. See id. at 11, 32. Harrison's fraudulent acquisition and use of the money, Harrison's fraudulent recording of the payments and deposits, and the bankruptcy court's finding of Harrison's lack of credibility and reference to other stipulated facts and evidence at trial demonstrate Harrison's fraudulent intent concerning EbenConcepts and Orchestrate. See [D.E. 9-1] 51–62; [D.E. 9-1] 42–54; see, e.g., In re Sherman, 603 F.3d at 14; In re Brady, 101 F.3d at 1172–73; Pfeifer, 2022 WL 3444841, at *3.

As for detriment to EbenConcepts and Orchestrate, the bankruptcy court found that Harrison's misappropriations were detrimental to each company. See [D.E. 1-1] 10–11; [D.E. 1-1] 10–11. An officer's withdrawal of corporate funds for compensation and other personal expenses without proper approval is detrimental to the company despite that officer's significant role or stake

6

in the company. The conduct constitutes embezzlement under 11 U.S.C. § 523(a)(4). See, e.g., Farley v. Romano (In re Romano), 353 B.R. 738, 766–67 (Bankr. D. Mass. 2006); KMK Factoring, LLC (In re McKnew), 270 B.R. 593, 633–34 (Bankr. E.D. Va. 2001); Ferraro v. Phillips (In re Phillips), 185 B.R. 121, 129 (Bankr. E.D.N.Y. 1995); Hall v. Johann (In re Johann), 125 B.R. 679, 681–82 (Bankr. M.D. Fla. 1991).

Harrison's transfer, use, and concealment of millions of dollars for his own personal benefit in order to avoid paying taxes on the millions of dollars he was spending for his personal use constitute embezzlement. Accordingly, the court affirms the bankruptcy court's conclusion that Harrison's $31,114,517.46 debt to EbenConcepts and $7,566,905.30 debt to Orchestrate is non-dischargeable under 11 U.S.C. § 523(a)(4). In light of this conclusion, the court need not analyze the parties' arguments about 11 U.S.C. § 523(a)(2)(A). Cf. Appling, 138 S. Ct. at 1758–63; Engler v. Van Steinburg, 744 F.2d 1060, 1060–61 (4th Cir. 1984).

### III.

In sum, the court AFFIRMS the bankruptcy court's judgment. The clerk shall close case No. 5:22-CV-36-D and No. 5:22-CV-37-D.

SO ORDERED. This 7 day of February, 2023.

JAMES C. DEVER III
United States District Judge

7